MELISSA PRESTIDGE et al. *vs.* E. A. PENDLETON et al.

It has been held that a bill filed by an administrator *de bonis non* to recover property illegally sold by the first administrator, or if the sale should be valid, to foreclose the statutory mortgage, was not demurrable. *Murphy* v. *Clark*, 1 S. & M. 221, cited and confirmed.

*Miller* v. *Helm*, 2 S. & M. 687, cited and confirmed.

A void sale does not divest the title of the estate to the property sold, because it is part of the unadministered effects.

The sale having created the mortgage, it was necessary in the bill to set forth the amount of money to be recovered, or an excuse for not doing so.

The rule requiring certainty in pleading, applies as well to proceedings in chancery as at law.

The statute of limitations may, when a proper state of facts is presented with sufficient certainty, bar a recovery of the slaves, but not a foreclosure of the mortgage.

ON appeal from the southern district chancery court at Monticello; Hon. James M. Smiley, vice-chancellor.

The opinion of the court contains the facts of the case.

*Adams & Dixon*, for appellants.

*Foute*, for appellees.

Mr. Justice Fisher delivered the opinion of the court.

The appellees filed their bill in the vice-chancery court at Monticello against the appellants, as distributees of the estate of .Samuel Prestidge, deceased, to recover five slaves named in the bill; or if not entitled to recover the slaves, then to enforce the mortgage given by the statute to secure the purchase-money for property sold by representatives of deceased persons.

It appears that some time previous to the year 1844, the said Samuel Prestidge had administered on the estate of one Zebulon E. Pendleton, deceased, and as such administrator, sold, without any valid order of the probate court, the slaves in controversy; that at said sale he procured persons casually in attendance on the same, to purchase said slaves for him; that the sale was made in an illegal and fraudulent manner; that the persons in whose names the purchase was made, gave no note, bond, or other obligation for the purchase-money; and that no return of the sale has been made to the probate court.

It also appears that the said Samuel Prestidge having died, administration on his estate was granted by the probate court of Lawrence county to his widow, who made distribution of the slaves named in the bill among the heirs at law of the said Samuel Prestidge, and that a final settlement of said estate has been made. It also appears that, at the July term, 1845, of the probate court of said county, letters of administration *de bonis non*, on the estate of the said Pendleton, were granted to the complainants, who, in their character of such administrators, file this bill; the object of which is, if the said sale and purchase by the first administrator shall be held void, to recover the slaves and hire; if considered valid, then to enforce the statutory mortgage against the distributees of said Prestidge's estate on the slaves in controversy.

To this bill the defendants below filed a demurrer, which was overruled by the court, and from which the case comes to this court by appeal.

The main questions arising upon this state of the case are, that the administrators *de bonis non* cannot prosecute a bill to enforce the mortgage; and that the bill is multifarious as to the

relief sought. Both of these questions have been settled by previous adjudications of this court.

In the case of *Murphy* v. *Clark*, 1 S. & M. 221, a case very much like the present, it was held that a bill by an administrator *de bonis non*, to recover property illegally sold by the first administrator, or, if the sale should be held valid, to foreclose the statutory mortgage, was not demurrable. Again, in the case of *Miller, Adm'r.* v. *Helm et al.*, 2 S. & M. 687, a bill by such administrator, to foreclose the mortgage resulting from a sale by the first administrator, was sustained. This court, reversing the decree of the chancellor, sustaining a demurrer thereto.

While we regard the question as settled, that an administrator *de bonis non* may sustain a bill to recover slaves illegally sold by the first administrator, and for that purpose the present bill is sufficient, yet we do not think that the complainants can recover hire for the time the slaves were in the possession of said Prestidge, as that is a personal charge against him, resulting from his management of the property which he rightfully held.

A void sale does not divest the title of the estate to the property; and it is for this reason that the administrator *de bonis non* can sustain a bill to recover it, because the property is part of the unadministered estate.

As to the relief sought on the mortgage, the bill is defective, as it contains no averment of the amount of money bid for the slaves at the pretended sale. It was the sale which created the mortgage, and if complainants are entitled to take the benefit of it, they must set forth the amount of money to be recovered; or if they are unable to make the averment, then the excuse must be given. The rule requiring certainty in pleadings, applies as well to proceedings in chancery as at law, the reason in both instances being the same,—to enable the court to pronounce the proper judgment, if the pleadings shall be adjudged true. The bill, in this case, containing no allegation as to the amount, to secure which the mortgage exists, the court could pronounce no decree. It is true the bill sufficiently specifies

the property upon which the mortgage was created; but the debt secured is as important to be known as the property intended to secure it; for if there is no debt there is no mortgage. This error, however, does not extend to the merits of the bill, but is sufficient to sustain the demurrer.

We give no opinion as to the statute of limitations, as the bill is not sufficiently certain as to dates; but will remark that the statute may, when the facts are presented with sufficient certainty, bar a recovery of the slaves, but not a foreclosure of the mortgage. The question is, however, left open.

Decree reversed. Leave given to the complainants to amend the bill, and cause remanded.